UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LVBK, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A.; DOES I through X and ROE CORPORATIONS I through X,<br><br>Defendants. | Case No. 2:18-cv-00676-RFB-NJK<br><br>ORDER |

## I. INTRODUCTION

Before the Court is Defendant Bank of America, N.A.'s Motion for Judgment on the Pleadings under Federal Rule of Civil Procedure 12(c). ECF No. 15. For the reasons discussed herein, the Court dismisses the matter without prejudice and grants Plaintiff leave to move to reopen the matter after seeking clarification from the bankruptcy court on the at-issue bankruptcy orders.

## II. PROCEDURAL BACKGROUND

Plaintiff sued Defendant in state court on February 28, 2018, alleging a single claim for declaratory relief to quiet title of a property. ECF No. 1-1. Defendant removed the matter to this Court on April 13, 2018 and answered the Complaint on May 7, 2018. ECF Nos. 1, 8. A Scheduling Order was entered on June 28, 2018. ECF No. 12.

Defendant now moves for Judgment on the Pleadings. ECF No. 15. Plaintiff opposed the motion, and Defendant replied. ECF Nos. 20, 23. The Court stayed this matter, per the parties' stipulation, pending resolution of the pending motion. ECF Nos. 25, 26.

### III. FACTUAL BACKGROUND[1]

This matter centers on the parties' interest in a property located at 3261 Bridge House, North Las Vegas, Nevada 89032.

In 2007, a deed of trust was recorded against the property. The deed of trust secured a promissory note executed by nonparty Alfredo Sanchez. On February 7, 2011, Sanchez filed a Chapter 7 Bankruptcy petition. The property was listed in the petition as a secured claim in the amount of $255,959.00. Sanchez was discharged from the bankruptcy matter on July 11, 2011.

Then, on April 24, 2014, the bankruptcy trustee moved to sell the property subject to all liens and encumbrances. Bankruptcy Judge Nakagawa granted the motion, imposing the following specific conditions:

> Upon payment of the [final price at the auction of the property], the Trustee will provide the [buyer] with a Declaration of Value and a Trustee's Quitclaim Deed …; these Documents, along with this Order, must be recorded with the Clark County Recorder's Office no later than 14 days after delivery to the [buyer]. By accepting the Documents, the [buyer] agrees that it is solely responsible for ensuring this timely recordation and for presenting evidence of this timely recordation to the Trustee within 20 days of the delivery. Failure to timely record shall automatically void the [sale] and the Documents delivered, meaning any later attempt to record them after the 14 days has expired shall provide the [buyer] with no legal basis to successfully transfer the estate's interest in the Property. Failure to timely record shall also automatically result in a complete forfeiture to the estate of all monies paid by the [buyer].

Plaintiff purchased the property on June 9, 2014. On August 1, 2014, Judge Nakawaga signed an amended order to confirm that the debtor and Sanchez were the same individual. Judge Nakawaga explained via a footnote that the amended order was entered because Plaintiff could not record the deed of trust from the sale due to the variance in spelling of Sanchez's name on relevant documents. On August 28, 2014, Plaintiff then recorded the quitclaim deed, which was dated August 1, 2014. Thus, the quitclaim deed was recorded twenty-seven days after Judge Nakawaga's

---

[1] The factual background is a compilation of Plaintiff's allegations and information contained in public documents. Lee v .City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (holding that a court may judicially notice "matters of public record" and "material which is properly submitted as part of the complaint" when analyzing a Rule 12(b)(6) motion without converting the motion to one for summary judgment if the judicially noticed facts are not subject to reasonable dispute).

- 2 -

amended order was entered and after the date the quitclaim deed was executed. Plaintiff did not record the Bankruptcy Order or Amended Order.

On November 21, 2014, Plaintiff filed a Chapter 11 Bankruptcy petition. The property was listed as a secured claim in the petition. On March 26, 2015, Plaintiff moved to cramdown the first deed of trust. The notice of the motion did not include mailing to the proper Bank of America address listed on the first deed of trust. The motion was granted as unopposed on April 27, 2015, stating that the first deed of trust is partially unsecured beyond $56,000.00. Plaintiff's Second Amended Plan of Reorganization was later approved on October 21, 2016, which lists the value of the property at $56,000.00. Defendant never disputed Plaintiff's ownership in the property during Plaintiff's nor Sanchez's bankruptcy proceedings. Rather, Defendant reviewed and approved through its counsel the Bankruptcy Court's Order approving the Amended Plan of Reorganization. Defendant did so despite previously objecting to the confirmation of Plaintiff's proposed plan of reorganization as it related to another property.

**IV.     LEGAL STANDARD**

Rule 12(c) states: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The Ninth Circuit treats a Rule 12(c) motion as "functionally identical" to a Rule 12(b)(6) motion. Gregg v. Dep't of Pub. Safety, 870 F.3d 883, 887 (9th Cir. 2017) (citations omitted). Judgment on the pleadings is proper when "taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." Id. (quotations and citations omitted). In ruling on a Rule 12(c) motion, the court must determine if the at-issue complaint contains "sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." Harris v. Cty. of Orange, 682 F.3d 1126, 1131 (9th Cir. 2012) (quotations and citations omitted). A claim is plausible when the plaintiff alleged sufficient facts for the court to reasonably infer misconduct. Id. "[T]he court is not required to accept as true a legal conclusion couched as a factual allegation." Id. (quotations and citations omitted).

**V.     DISCUSSION**

Defendant moves for judgment on the pleadings, arguing that Plaintiff claims title based

on a void quitclaim deed since the deed was not recorded in compliance with Judge Nakawaga's Bankruptcy Order—an order referenced on the face of the quitclaim deed. Defendant points to Plaintiff's failure to file the quitclaim within fourteen days and failure to file the Bankruptcy Order. Thus, Defendant contends that Plaintiff never acquired an interest in the property. Plaintiff therefore had no interest in the property when it moved the first deed of trust—a motion never served on Defendant at its proper address.

Plaintiff replies that Defendant's argument relies on an alleged sales agreement, which cannot be judicially noticed at this stage of the proceedings. Plaintiff also contends that a question of fact exists: whether the Trustee waived its right to have the Order recorded with the deed of trust by reaffirming the sale after the alleged deadline to record passed. Plaintiff finally argues that Defendant must be estopped from disputing Plaintiff's ownership interest under the doctrines of claim preclusion and collateral estoppel since Defendant was represented by counsel and an active participant in the bankruptcy proceedings for Sanchez and for Plaintiff. Despite actively participating, Defendant failed to contest Plaintiff's interest in the property until now—nearly two years after Plaintiff's Bankruptcy Plan was granted.

The Court finds that the instant dispute requires the interpretation of Judge Nakagawa's Orders. Specifically, the Court finds that the validity or invalidity of the initial transfer of the property from the estate to the Plaintiff depends upon the interpretation and application of Judge Nakagawa's two orders regarding sale of the property from the estate. This finding gives rise to bankruptcy court jurisdiction. "[I]t is well recognized that a bankruptcy court has the power to interpret and enforce its own orders." In re Wilshire Courtyard, 729 F.3d 1279, 1289 (9th Cir. 2013). "Title 28 U.S.C. § 1334(b) vests jurisdiction over bankruptcy matters in the district court by conferring jurisdiction over all civil proceedings arising under title 11." In re Franklin, 802 F.2d 324, 326 (9th Cir. 1986) (internal quotation marks omitted). Further, "[c]ases arising under section 1334(b) are in turn delegated to the bankruptcy courts through 28 U.S.C. § 157." Id. The Ninth Circuit has held that the forgoing results in bankruptcy courts having "jurisdiction over [a] declaratory judgment action if such an action requir[es] a bankruptcy judge to determine the effect of a prior order of the bankruptcy court[.]" Id. Indeed, "[r]equests for bankruptcy courts to

construe their own orders must be considered to arise under title 11" and thus fall within the jurisdiction of bankruptcy courts.  Id.; see also In re Ray, 624 F.3d 1124, 1130–31 (9th Cir. 2010).

Based on the foregoing, the Court therefore finds that the bankruptcy court, rather than this Court, is the proper court to address the dispute between the parties: whether the terms of the Bankruptcy Order automatically void the quitclaim deed.  The Court dismisses this matter without prejudice and grants Plaintiff leave to move to reopen the matter, if necessary, after receiving an order from the bankruptcy court.

### VI. CONCLUSION

**IT IS THEREFORE ORDERED** that this matter is DISMISSED without prejudice.  The Clerk of the Court is instructed to close this matter accordingly.

DATED: March 16, 2019.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**